

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Liggon-Redding v. Congress Title

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1426

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Liggon-Redding v. Congress Title" (2007). *2007 Decisions.* Paper 1209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-175                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1426
_____

E. LIGGON-REDDING,

Appellant

v.

CONGRESS TITLE, Fidelity National
Title Ins. Co.; KEY PROPERTIES
GMAC REALTY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03127)
District Judge: Honorable Jerome B. Simandle
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed April 25, 2007)

_____

OPINION
_____

PER CURIAM

     E. Liggon-Redding appeals from an order of the United States District Court for

the District of New Jersey that dismissed her complaint without prejudice for lack of

subject matter jurisdiction. For the reasons stated herein, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).

Liggon-Redding filed a complaint alleging fraud in the sale of her home. She indicated on a cover sheet that she was bringing the case as a tort action, and that all parties were residents of New Jersey. Following defendants' motion to dismiss and further filings from both parties regarding the motion, the District Court determined that it lacked subject matter jurisdiction to consider the complaint. Although the cover sheet for her complaint indicated that the court had federal question jurisdiction, Liggon-Redding failed to cite any federal statute or constitutional provision in support of her complaint. The District Court noted that Liggon-Redding cited some federal criminal statutes in her response to the motion to dismiss, but that none of those statutes created a private right of action, and that she had not moved to amend her complaint to add claims arising under those statutes. The Court also noted that Liggon-Redding's complaint could in no way be construed to raise a civil RICO claim.[1]

On appeal, Liggon-Redding argues that she did indeed raise a civil RICO claim, and that she did not know she had to amend her complaint, because "informing the Court of the heinous acts of the Defendants was enough." See Notice of Appeal. We disagree. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of America,

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

361 F.3d 217, 223 (3d Cir. 2004).  Liggon-Redding's complaint, although it mentioned the word "fraud," certainly did not put anyone on notice that she was raising a civil RICO claim.  Where the absence of subject matter jurisdiction is clear from the face of a complaint, the District Court need not give a plaintiff the opportunity to amend the complaint before dismissing it.  See Miklavic v. USAir, 21 F.3d 551, 557-58 (3d Cir. 1994).

We therefore will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2] Liggon-Redding's motion for a "restraining order" or stay, and her motion for appointment of counsel, are denied as moot.