OPINION
PER CURIAM.
Plaintiff Elizabeth Liggon-Redding appeals the District Court’s orders dismissing her three complaints. We have consolidated her two appeals for disposition and will affirm the District Court’s order of July 17, 2007 in (06-cv-3129). We will vacate the Court’s orders of March 7, 2008 in (06-cv-3129) and (07-cv-1863) and remand for further proceedings consistent with this opinion.
I.
An understanding of the complicated nature of the plaintiffs appeals requires a review of the background circumstances. Tyrone Redding is a disabled veteran of the Vietnam War. He receives compensation from the Department of Veterans Affairs (“VA”) which is payable to his mother Marlene Redding, who the VA has entrusted as his fiduciary. As a disabled veteran, Mr. Redding is also entitled to a property tax exemption under New Jersey law. See N.J.S.A. 54:4-3.30(a).
In 1977, Mr. Redding married plaintiff. They lived in property located at 82 Hamilton Lane in Willingboro Township, New Jersey.
Title to the 82 Hamilton Lane property had been transferred from Edgar Robin *676 son to “Elizabeth House [the plaintiffs former name] in trust for Stewart A. Lig-gon, JR.” on October 31,1977.
On January 19, 1998, plaintiff conveyed the title to “T. N. Redding [her husband], Etux.” Plaintiff stated in the District Court that she transferred the property to Mr. Redding “so we could get the [veteran’s] property tax exemption.”
Willingboro Township’s Tax Assessor, William R. Tantum, denied Mr. Redding the tax exemption for several years on the basis that he had not established that 82 Hamilton Lane was his domicile. Tantum justified his decision with evidence that Mr. Redding spent a considerable amount of time at his mother’s home in Pennsylvania.
The tax dispute was finally resolved when the Superior Court of New Jersey, Appellate Division, held that Mr. Redding was entitled to the exemption. See Twp. of Willingboro v. Redding, No. A-5356-05T1, 2007 WL 250379, at *2 (N.J.Super.Ct.App.Div. Jan.31, 2007).
During the pendency of the tax case, the Reddings stated that they were going to sell the 82 Hamilton Lane premises,[1] and they indeed conveyed it on June 30, 2006.
On July 16, 2006, plaintiff filed suit in the District Court. Her complaint, docketed at (06-cv-3127), named Fidelity National Title, Congress Title Division, the closing agent for the sale of the property; its parent company, Fidelity National Title Insurance Company; and Key Properties GMAC Real Estate, a real estate agency involved in the transaction, as defendants. She asserted that the Hamilton Lane property was sold without her consent and that she was defrauded into signing documents. She also claimed the right to $10,000 in an escrow account established at the settlement of the property. In a later proceeding before the District Court, plaintiff admitted that her husband received the proceeds of the sale of 82 Hamilton Lane and that Mr. Redding gave that money to the plaintiffs son Stewart.[2]
The District Court dismissed the complaint in (06-cv-3127) for lack of subject *677 matter jurisdiction. Liggon-Redding v. Cong. Title, No. 06-3127, 2007 WL 432985, at *1 (D.N.J. Feb.1, 2007). On appeal, we dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Liggon-Redding v. Cong. Title, 229 Fed.Appx. 105 (3d Cir.2007).
The present appeals involve three suits that plaintiff subsequently filed in the District Court. In the amended complaint filed at (06-cv-3129), Willingboro Township and Tantum are named as defendants. Plaintiff alleges that she and her husband were deprived of quiet enjoyment of their home because the Township and Tantum’s alleged discriminatory acts in attempting to collect taxes caused Mr. Redding to sell their house against her wishes.
The plaintiffs complaint at (07-cv-1863) asserted a RICO[3] claim pursuant to 18 U.S.C. §§ 1961-1968 against Anthony Bal-boni, Linda Huller, Tahir Zaman, Kristine LaPointe, Charles Wexton, Esq., and Oren Klein, Esq. According to the complaint, Balboni, Huller, and Zaman are employed by Key Properties; LaPointe and Wexton are employees of Congress Title; and Klein misrepresented himself as an attorney for Key Properties. Plaintiff alleges that these defendants committed numerous acts of fraud in connection with the sale of the family home, “enlisted Willing-boro Police Officers to Harass, Frighten, and Threaten [plaintiff] into not pursuing Justice,” and “have all gotten together to try to cover up their ongoing fraudulent and illegal activities.”[4]
Her final complaint, which was originally entered in the District Court’s docket at (07-cv-1890) and subsequently consolidated with her suit at (06-cv-3129), asserted a RICO claim against Willingboro Township; Tantum; Willingboro police officers Landry, Kueny, and White; as well as numerous John Doe defendants. According to the complaint, the Township, Tan-tum, the named police officers, and the Doe defendants committed a series of wrongful acts against plaintiff and her family.
The District Court dismissed the plaintiffs amended complaint that was filed at (06-cv-3129) for lack of standing. Her complaints that were originally entered in the docket at (07-cv-1863) and (07-cv-1890) were dismissed as a sanction pursuant to Fed.R.Civ.P. 41(b)[5] because the plaintiffs failure to comply with numerous Rules of Civil Procedure and court orders in prosecuting her complaints warranted “the extreme sanction of dismissal.”
II.
In deciding to impose the sanction of dismissal of the plaintiffs complaints that *678 were filed at (07-cv-1863) and (07-cv-1890), the District Court considered the Poulis factors. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984). But a Rule 41(b) “[dismissal is a harsh remedy and should be resorted to in only extreme cases.” Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992) (quoting Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir.1974)). All doubts should be resolved in favor of reaching a decision on the merits. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir.2008).
The plaintiffs abusive language and failures to heed helpful suggestions have sorely taxed the patience of the District Court, whose restraint has been commendable. Nevertheless we prefer to address the merits in this case rather than impose sanctions.
The plaintiffs complaints at (07-cv-1863) and (07-cv-1890) contain two types of claims. The first consists of RICO claims. A necessary element of a cognizable RICO claim where the collection of an unlawful debt is not alleged is the presence of “a pattern of racketeering activity.” H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 232, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).
A pattern of racketeering activity occurs when a defendant commits a set of predicate racketeering acts, see 18 U.S.C. § 1961(1), that “are related, and ... amount to or pose a threat of continued criminal activity.” Tabas v. Tabas, 47 F.3d 1280, 1292 (3d Cir.1995) (quoting H.J. Inc., 492 U.S. at 239, 109 S.Ct. 2893) (emphasis omitted). Continuity can be proved by showing “either ... a closed period of repeated conduct, or ... past conduct that by its nature projects into the future with a threat of repetition.” H.J. Inc., 492 U.S. at 241, 109 S.Ct. 2893.
We find no basis in the extensive pleadings in this case for any RICO claims. Plaintiff has not alleged a set of predicate racketeering acts that satisfy RICO’s continuity requirement. See id. at 242, 109 S.Ct. 2893 (“[predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [RICO’s continuity] requirement”). She therefore has not stated a RICO claim upon which relief can be granted. Upon remand, the District Court shall dismiss the plaintiffs RICO claims pursuant to Rule 12(b)(6).
The second type of claim that appears in the complaints filed at (07-cv-1863) and (07-cv-1890) is one of the use of excessive force by the police against the plaintiff personally. She asserts that she was physically assaulted during arrests that occurred on August 29 and September 21, 2006.
A pro se complaint “is to be liberally construed ... and ... must be held to less stringent standards than formal pleadings drafted by lawyers,” Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Accordingly, we conclude that the plaintiffs pleadings are sufficient to state an excessive force claim under 42 U.S.C. § 1983. The District Court shall reinstate this claim on remand.[6]
III.
The District Court’s dismissed the plaintiffs discrimination claim in (06-cv-3129) for lack of standing. We will affirm.
*679 In her amended complaint at (06-cv-3129), plaintiff alleged that Willingboro Township and Tantum “attempt[ed] to take away the Veterans Tax Exemption which her husband is entitled to because of his service in Viet Nam” on the basis of Mr. Redding’s race and disability. When pressed by the District Court as to why she was the party bringing this claim, plaintiff stated that she had authority to bring the claim on behalf of Mr. Redding pursuant to a power-of-attorney agreement. However she was unable to prove that Mr. Redding was competent when he executed the alleged power-of-attorney agreement, and the District Court dismissed the complaint for lack of standing.
The District Court properly dismissed this complaint. Pro se plaintiffs are generally prohibited “from pursuing claims on behalf of others in a representative capacity.” Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir.2008). As this Court has observed, “[i]t goes without saying that it is not in the interest of ... incompetents that they be represented by non-attorneys.” Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir.1991) (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990)).
IV.
In sum, we will affirm the District Court’s July 17, 2007 order dismissing the plaintiffs amended complaint at (06-cv-3129). We will vacate the Court’s March 7, 2008 orders in (07-cv-1863) and (06-cv-3129) dismissing the plaintiffs complaints that were filed at dockets (07-cv-1863) and (07-cv-1890) pursuant to Rule 41(b) and remand for further proceedings in conformity with this opinion.

. At a May 23, 2006 hearing in front of the Tax Court of the State of New Jersey, Appellate Division, the following exchange occurred,
“The Court: Mr. And Mrs. Redding, you have to understand [Willingboro Township is] gonna keep on trying [to challenge Mr. Redding’s eligibility for a disabled veteran’s property tax exemption] and they're entitled to do that every year.
Mr. Redding: I’m selling that place [82 Hamilton Lane].
Ms. [Liggon-]Redding: Your — Your Hon- or, we’re moving. We’re selling the house and we’re gone. We’re not—
Mr. Redding: I'm not go[ing] through this.
The Court: Well—
Ms. [Liggon-]Redding: — go[ing] through this no more.
The Court: — that may make Mr. Tantum very happy, I don't know, but—
Ms. [Liggon-]Redding: And us too.
The Court: — but they do have the right to do it every year.
Ms. [Liggon-]Redding: Thank you, Your Honor.
The Court: Okay.
Mr. Redding: I'll be gone sometime this year.
Ms. [Liggon-]Redding: You got rid of us. We're out.
Mr. Redding: Thank you.
Ms. [Liggon-]Redding: Thank you so much. Yes, Mr. Tantum, you can collect taxes from the next people. We’re out. You got what you wanted. You wanted us out.
The Court: It’s been a really fruitful morning."

. The following exchange occurred at a June 1, 2007 hearing before the District Court:
“[The Court:] Who got the money from the sale [of 82 Hamilton Lane]?
[Mrs. Liggon-Redding:] My husband.
[The Court:] What did he do with the money?
*677 [Mrs. Liggon-Redding:] He gave it to my son.”

. Racketeer Influenced and Corrupt Organizations Act, Pub.L. 91-452, 84 Stat. 941.

. On June 11, 2008, Mrs. Liggon-Redding also filed suit in the Superior Court of New Jersey, Burlington County, Chancery Division, against all of the defendants named in (07-cv-1863) except Klein. She asserted a claim to quiet title to 82 Hamilton Lane and a claim pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. The case was dismissed with prejudice on September 12, 2008. Redding v. Fid. Nat’l Title, No. C-77-08, slip op. at 1 (N.J.Super. Ct. Burlington County Ch. Div. Sept. 12, 2008). The Court held that Mrs. Liggon-Redding’s claims were "barred by the doctrines of res judicata and collateral estoppel, as this matter is tantamount to re-litigation of the same claims and issues that have been raised and brought to final judgment on the merits [in the District Court].” Id. at 2. We are not aware of any appeal of that case.

.Fed.R.Civ.P. 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.”

. We note that the plaintiff has not demonstrated any particularly objectionable conduct with respect to her excessive force claim.