# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONNIE J. SIMON,

        *Plaintiff-Appellant,*

v.

HARTFORD LIFE, INC., HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY,

        *Defendants-Appellees.*

No. 06-56368

D.C. No.
CV-06-3340-GHK

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted
July 18, 2008—Pasadena, California

Filed September 30, 2008

Before: Cynthia Holcomb Hall and Pamela Ann Rymer,
Circuit Judges, and Stephen M. McNamee,[1] District Judge.

Opinion by Judge McNamee

---

[1]The Honorable Stephen M. McNamee, United States District Judge for
the District of Arizona, sitting by designation.

---

**COUNSEL**

Derrick F. Coleman, Daniel L. Alexander, Coleman Frost LLP, Santa Monica, California, for the appellant.

Michael B. Bernacchi, Keiko J. Kojima, Burke Williams & Sorenson LLP, Los Angeles, California, for the appellee.

Dan Marmalefsky, Benjamin J. Fox, Morrison & Foerster LLP, Los Angeles, California, for the appellee.

---

**OPINION**

MCNAMEE, District Judge:

Acting *pro se*, Ronnie J. Simon ("Simon") brought a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") against Hartford Life Inc. and Hartford Life and Accident (hereinafter referred to collectively as "Hartford") alleging a single cause of action for breach of fiduciary duty under 29 U.S.C. § 1109(a). The district court dismissed the complaint without prejudice. In its dismissal, the court found that a *pro se* plaintiff, under 29 U.S.C. §1109(a)[2], as authorized by §1132(a)(2)[3], may not pur-

---

[2]29 U.S.C. § 1109 provides:

(a)   Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally

sue claims in a representative capacity on behalf of an ERISA plan. The court concluded that these sections of ERISA, as well as relevant binding authority, mandate that the party seeking to bring forth claims under section § 1109(a) must be represented by counsel and may not proceed with such claims as a *pro se* litigant. The court declined to grant Simon leave to amend his complaint on the grounds that no set of facts exist which would enable Plaintiff to proceed with his claim in his *pro se* capacity. We agree that, while Simon may assert a cause of action for breach of fiduciary duty, he may not prosecute his claims on behalf of the plan *pro se*. Accordingly, we affirm.

## I.   FACTS AND PROCEEDINGS[4]

> **liable to make good to such plan** any losses to the plan resulting from each such breach, and **to restore to such plan** any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

(Emphasis added).

[3]29 U.S.C. § 1132(a)(2) provides:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought— ***
>
> (2)  by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title; ***

[4]Simon filed a previous ERISA lawsuit wherein he asserted claims on his own behalf under 29 U.S.C. §§ 1024(b)(4), 1132(a)(1)(B), and 1132(c). Simon sought individual recovery of plan benefits. A critical distinction between the previous lawsuit and the current lawsuit is that none of the claims asserted in the previous lawsuit were alleged under 29 U.S.C. §§ 1109(a) and 1132(a)(2). With the assistance of a magistrate judge, the parties were able to reach a settlement in the previous lawsuit, and a dismissal with prejudice.

Effective January 1, 2003, Hartford issued Group Policy Numbers to NPTest, LLC.[5] (NPTest), as well as the Plan Sponsor and Plan Administer of the Group Long Term Disability Plan for Employees and the Group Life and Supplemental Life Plan for Employees of NPTest. Simon was employed by NPTest as an information system senior manager and was a participant in the plans, both funded through the group insurance policies issued by Hartford.

Simon filed this complaint on May 31, 2006. In it, he alleges that Hartford uses claims management policies, procedures and practices, including failure to maintain proper reserves and improper fund transfers between its general and ERISA special accounts that put its own interests ahead of the plans' interests. He seeks equitable relief ordering Hartford to stop using those practices, or to stop serving as claims fiduciaries for ERISA plans that are funded by insurance policies that it issued; and ordering Hartford to make good to the ERISA plan any losses resulting from its breach of fiduciary duty.

Subsequently, Hartford filed a Motion to Dismiss Simon's Complaint under Fed. R. Civ. P. 12(b)(6) on the ground that Simon had to be represented by licensed counsel to proceed with a claim under § 1109(a). The district court agreed with Hartford that a plaintiff acting *pro se* may not proceed with a claim under 29 U.S.C. §§ 1109(a) and 1132(a)(2), and dismissed the action without prejudice to refiling should Simon obtain counsel.

Simon filed a motion for additional fact findings under Fed.R.Civ.P. 52(b) and reconsideration under Fed.R.Civ.P. 59(e) and 60(b) on the theory that he is the plan's only beneficiary. The district court denied the motion on August 31, 2007, concluding that, even assuming Simon is the plan's

---

[5]NPTest, LLC was Simon's employer at all times relevant to this lawsuit.

only beneficiary, the plan remains an entity apart from the person of the plaintiff. Therefore, acting *pro se*, Simon is not entitled to bring a suit on the plan's behalf. Simon timely appealed.

Thus, the issue before us is whether a *pro se* litigant may proceed with a cause of action for breach of fiduciary duty brought under 29 U.S.C. § 1109(a).

## II.    STANDARD OF REVIEW

This court conducts a *de novo* review of dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). All allegations of material fact shall be taken as true and construed in the light most favorable to the nonmoving party. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

## III.    DISCUSSION

The causes of action on which civil litigants may proceed without counsel are limited by statute. More specifically, 28 U.S.C. § 1654 provides that in federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Significant is the language contained in the statute that limits the authorization of civil litigants to "plead and conduct *their own cases personally*." *Id.* (Emphasis added).

Section 1132(a)(2) authorizes an ERISA plan participant (as well as the Secretary of Labor, a beneficiary, or a fiduciary) to bring a civil action for violations of § 1109(a). This case requires us to decide whether an ERISA plan participant, proceeding *pro se*, may bring an action for breach of fiduciary duty under § 1109(a).

The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is

contained in 28 U.S.C. § 1654. Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves.

**[1]** It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities. *See McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966)(citation omitted). Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who "by substantive law has the right to be enforced." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). It is clear under *Mass. Mut. Life Ins. Co. v. Russell* that Simon is not the real party in interest as he brought claims under 29 U.S.C. § 1109(a) on behalf of the Plan itself. 473 U.S. 134, 140 (1985). Simon concedes that the party whose interests he is alleged to be representing is his employer benefit plan. As such, Simon is representing a person or entity other than himself, which he may not do. Because Simon is not the actual beneficial owner of the claims being asserted, he cannot be viewed as a "party" conducting his "own case personally" within the meaning of Section 1654. *Pope*, 818 F.2d at 697-698.

**[2]** As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.[6] *Id.* (Trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. §1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted); *Stoner et al v. Santa Clara County Office of Education, et al,* 502 F.3d 1116, 1126-27 (9th Cir. 2007*)(qui tam* action brought "for the person and for the United States government" cannot be pursued *pro se*);

---

[6]The caveat to this general rule, when statutory authorization exists permitting plaintiff to prosecute an action on behalf of others than himself, is not implicated here.

*Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (a guardian or parent may not bring suit in federal court on behalf of a minor without first retaining an attorney); *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (holding that a non-attorney may not appear on behalf of a partnership); *United States v. High Country Broadcasting Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (*pro se* litigant shareholder may not represent the corporation and was properly precluded from intervening and representing himself where his "interests [were] identical to the corporation's"); *United States of America ex rel. Mergent Servs. v. Flaherty*, __ F.3d__, 2008 WL 3840769 at *1 (2nd Cir. Aug. 19, 2008) (holding that *pro se* litigants may not prosecute False Claims *qui tam* actions without retaining licensed counsel); *Iannaccone v. Law*, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear *pro se* on behalf of estate); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear *pro se* on behalf of estate); *Phillips v. Tobin*, 548 F.2d 408, 415 (2nd Cir. 1976) (*pro se* litigant may not prosecute a shareholder's derivative action); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner may not bring a class action on behalf of fellow prisoners); *Jones v. Corr. Med. Servs.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed *pro se* on behalf of estate); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951) (*pro se* litigant may not represent the United States in a *qui tam* action despite the specific wording of the False Claims Act permitting a suit to "be brought and carried on by any person").

Simon argues that the district court's comparison of the current case to other representative cases is flawed because he has not filed a putative class action, does not seek to enforce rights belonging to a corporation, did not sue on behalf of a trust, and is not a *qui tam* relator. He also points out that the plan itself cannot be a party. However, the Supreme Court concluded in *Russell* that a plaintiff filing a claim under

§ 1109(a)(2) is doing so in a representative capacity and not in an individual capacity. 473 U.S. at 140.

**[3]** In *Russell,* the Court found that recovery for a violation of §1109(a) "inures to the benefit of the [ERISA] plan as a whole." *Id.* at 140. In reaching its conclusion, the *Russell* Court explained, *inter alia*, that the inclusion in § 1132(a)(2) of the Secretary of Labor among the four classes of plaintiffs who may bring claims under § 1109(a) demonstrates "Congress intent that actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole." *Id.* at 142. Accordingly, we agree with the district court that, because Simon brought an ERISA claim pursuant to 29 U.S.C. § 1109(a), he was acting in a representative capacity by requesting relief on behalf of a legal entity other than himself.

**[4]** Simon's next contention is that § 1132(a)(2) expressly authorizes plan participants to bring claims for breach of fiduciary duty. Although correct in his assertion that § 1132(a)(2) authorizes him to bring a § 1109(a) claim for breach of fiduciary duty, it does not expressly authorize Simon to do so in a *pro se* capacity. 29 U.S.C. § 1132(a)(2). Consequently, 28 U.S.C. § 1654 applies, requiring the claim Simon brought for violations of § 1109(a) to be prosecuted by a plaintiff represented by licensed counsel. 28 U.S.C. § 1654.

Simon argues that the Supreme Court's recent opinion in *Winkelman v. Parma City School District*, ___U.S.___, 127 S.Ct. 1994, 2004 (2007), rendered after the district court's decision in this case, opened the door to *pro se* representation of others by holding that parents who enjoy rights under the Individuals with Disabilities Education Act (IDEA) are entitled to prosecute IDEA claims on their own behalf. *Id*. While the Court's holding is clear, Simon's reliance on *Winkelman* is misplaced.

**[5]** Based on the statutory scheme, *Winkelman* held that parents have their own, enforceable right under the IDEA to

the substantive adequacy of their child's education; therefore, parents may prosecute IDEA claims on their own behalf. *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (so noting in *qui tam* case). The Supreme Court elaborated that parents enjoy enforceable rights at the administrative stage, and it would be inconsistent with the IDEA statutory scheme to prohibit them from continuing to assert these rights in federal court. *Id.* at 2005. The Court also explained, *inter alia*, that pursuant to the statutory structure of IDEA, the rights of parents and their children are inextricably intertwined. The same cannot be said of ERISA, where recovery for a violation of § 1109(a)(2) — unlike other sections — "inures to the benefit of the [ERISA] plan as a whole" *Russell*, 473 U.S. at 140; *United States ex rel. Mergent Servs. v. Flaherty*, __ F.3d__, 2008 WL 3840769, *5, n.2. (distinguishing *qui tam* situation from *Winkelman* as the parents in an IDEA suit have rights distinct from those afforded their children).

**[6]** Simon also contends that he has enforceable rights independent of his suit for the benefit of the plan, but fails to explain what they may be. However, he cites *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006) and *Landwehr v. DuPree*, 72 F.3d 726 (9th Cir. 1995). In *Comer*, the participant in employee pension and profit-sharing plans sued the investment manager, alleging breach of fiduciary duty under ERISA. The question before us was "whether an ERISA-plan participant can be compelled to arbitrate an ERISA claim brought on behalf of the plan where the plan—but not the participant—had signed an arbitration agreement." *Comer*, 436 F.3d 1098. Citing *Landwehr*,[7] the *Comer* court explained "an

---

[7]In *Landwehr,* we considered whether the statute of limitations for an ERISA claim ran from when the individual plaintiff, rather than the plan, became aware of the claim. Citing, *inter alia*, the "unfairness" that would inevitably result from a rule that extinguished a plaintiff's claim where the plan became aware of the claim yet did nothing long before the individual plaintiff had notice of it, we held that the statute of limitations ran from the time when the individual plaintiff had actual knowledge of the claim. *Comer,* 463 F.3d at 1103 (citing *Landwehr*, 72 F.3d at 732).

ERISA claimant *also* sues in a non-derivative capacity," such that the cause of action belongs to the individual plaintiff. *Comer,* 463 F.3d at 1103 (emphasis in original) (citing *Landwehr*, 72 F.3d at 732.) However, this simply means that rights which turn on the plaintiff's knowledge or relationship to a plan depend on the plaintiff, not the plan. There was no issue in those cases about whether Comer or Landwehr could prosecute the action *pro se*. Nor is there any issue here that Simon is the plaintiff whose own knowledge and status would determine matters relating to those issues. For example, in the underlying case, when considering the statute of limitations, the time at which Simon became aware of the alleged violations of fiduciary duty would dictate when the statute of limitations commenced and expired. However, that does not foreclose the conclusion, nor overturn current authority holding, that an ERISA action brought pursuant to §§ 1109(a) and 1132(a)(2) is brought in a representative capacity and thus requires plaintiff to be represented by counsel. *Russell,* 473 U.S. at 140.

We recently addressed an issue similar to that in the case *sub judice* in *Stoner*. 502 F.3d at 1127. Faced with the question of whether a *pro se* relator may prosecute a *qui tam* action on behalf of the government in federal court, we held that the relator's capacity as a plaintiff was representative in nature. *Id.* Consequently, we concluded that the plaintiff had to secure legal counsel in order to proceed with the claims. *Id.* "[B]ecause *qui tam* relators are not prosecuting their 'own case' but also representing the United States and binding it to any adverse judgment the relators obtain," the *Stoner* court refused to interpret 28 U.S.C. § 1654 as authorizing *qui tam* relators to proceed *pro se*. *Id.* Because the general *pro se* provision, 28 U.S.C. § 1654, did not authorize Stoner to proceed *pro se* on behalf of the government, Stoner was obligated to identify an alternate source of authority granting him such a privilege. *Id.* The court found that, while the False Claims Act, 31 U.S.C.A. §§ 3729(a), 3730(b)(1), provides a relator the right to bring the action, the statute did not authorize him

to pursue that violation in a *pro se* capacity. Stoner was unable to point to any language in the statute that would enable a relator to proceed with the action without a licensed attorney. Likewise, in the matter before us, § 1132(a)(2) authorizes a plan participant, such as Simon, to bring a cause of action for a violation of § 1109(a). However, just as in *Stoner*, there is no statutory language enabling Simon to file a cause of action for a violation of § 1109(a) without the representation of licensed counsel. Therefore, just as we found in *Stoner*, absent statutory authority stating otherwise, the general rule against permitting *pro se* litigants from representing others is applicable in the current case.

[7] Although we reach this conclusion as a matter of statutory construction, there also are significant policy considerations that would be implicated in the event a *pro se* litigant were permitted to represent the interests of the plan. Other participants would inevitably be affected by the judgment in this case, thus by their representation by a *pro se* litigant. Accountability is accordingly a serious concern. Any judgment attained by Simon could have a significant impact on the ERISA plan itself, in addition to the binding effect it would have on other participants and beneficiaries of the plan. *See Flaherty*, 2008 WL 3840769 at *4. This underscores our reluctance to approve the prosecution of an action of this sort *pro se* absent specific Congressional authorization. As *Stoner* explained: "Given the fact that Congress did not expressly authorize a *qui tam* relator to proceed *pro se* when acting on behalf of the United States, it 'must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.' " 502 F.3d at 1127 (quoting *United States v. Onan,* 190 F.2d 1, 6 (8th Cir. 1951)).

In reviewing the ERISA legislation, it is clear that the statute authorizes a suit for individual redress; however, it does not authorize representative appearance by a *pro se* plaintiff

for claims brought under § 1109(a). This follows from *Russell* and *Stoner*.

We therefore agree with the district court's conclusion that Simon is not entitled to proceed with his § 1109(a) claim in a *pro se* capacity.

AFFIRMED.