**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT LEON MERTENS,

              Plaintiff - Appellant,

   v.

GUY SHENSKY; et al.,

              Defendants - Appellees.

No. 08-35768

D.C. No. 2:05-cv-00147-EJL

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted November 17, 2009**

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Robert Leon Mertens, an Idaho state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that the

defendants conspired to seize his property illegally when he was arrested. We have

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    ** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tk/Research

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam). We review for abuse of discretion the denial of a request for appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). We affirm.

Mertens did not have standing to sue the state defendants, including defendant Stovall, because Mertens had no legally protected interest in the subject matter of the action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (to have standing a plaintiff must have suffered an invasion of a legally protected interest); *see also Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating that a district court may dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants). Further, the district court correctly determined that Mertens, who is not a licensed attorney, may not assert a claim on behalf of the Estate of Marcella Mertens. *See Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) ("The privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

The district court properly granted summary judgment on the claims against defendant Barker because Mertens did not raise a genuine issue of material fact as to whether Barker entered into a conspiracy with any government actor. *See*

*Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown.").

The district court properly determined that Mertens's action brought under the Federal Tort Claims Act was time-barred because Mertens did not file suit within six months of the date when the letter denying his administrative claim was mailed. *See* 28 U.S.C. § 2401(b). Morever, Mertens's amended complaint did not relate back to the date on which the original complaint was filed because he failed to show that the United States received notice of the claim within the statutory period. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1390 (9th Cir. 1984) ("Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under [Federal Rule of Civil Procedure] 15(c)").

The district court did not abuse its discretion by denying Mertens's request for appointment of counsel because he did not demonstrate extraordinary circumstances. *See Palmer*, 560 F.3d at 970.

Mertens's remaining contentions are unpersuasive.

**AFFIRMED.**