**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE BELL, Jr., | No. 08-56636 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00165-H-AJB |
| v. | |
| V. M. ALMAGER, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Willie Bell, Jr., a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

*Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and may affirm on any basis

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

supported by the record, *Forest Guardians v. U.S. Forest Serv*., 329 F.3d 1089, 1097 (9th Cir. 2003).  We affirm.

The district court properly dismissed Bell's claim concerning his failed attempt to mail a package containing a watch before it was confiscated because regulations requiring Bell to pay for postage from his trust account, rather than supply his own  stamps, do not implicate a constitutionally protected interest.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (only deprivations that impose restraint exceeding an inmate's sentence in an unexpected manner give rise to protection "by the Due Process Clause of its own force" and only "atypical, significant deprivation[s] in relation to the ordinary incidents of prison life" give rise to state-created liberty interests).

The district court properly dismissed Bell's claim concerning the handling of his grievances because inmates have no protected due process rights in grievance procedures.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order).

The district court did not abuse its discretion by denying Bell's motion for a preliminary class injunction and his motion for class certification because non-attorney plaintiffs may not act in a representative capacity.  *See Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008).  Moreover, to the extent that Bell sought an ex parte injunction on his own behalf, the district court did not

abuse its discretion by denying it on the ground that Bell failed to meet, or justify not meeting, applicable notice requirements. *See* Fed. R. Civ. P. 65(b).

The district court also did not abuse its discretion by denying Bell's motion for appointment of counsel because he failed to establish exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Bell's remaining contentions are unpersuasive.

**AFFIRMED**.

08-56636