**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE GRAYTON, | No. 11-57248 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02608-AJB-WVG |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Maurice Grayton appeals pro se from the district court's summary judgment

in his Title VII action alleging claims of discriminatory hiring practices against the

Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993), and may affirm on any grounds supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Summary judgment was proper because Grayton failed to raise a genuine dispute of material fact as to whether he timely filed either his action seeking judicial review of a decision of the Merit Systems Protection Board (the "Board") or a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), and whether the doctrine of equitable tolling should apply. *See* 5 U.S.C. § 7703(b)(2) (action seeking judicial review of Board's decision must be filed within 30 days); *id*. § 7702(b)(1) (employee who petitions EEOC must do so within 30 days of Board's decision to toll time to file civil action); *Washington*, 10 F.3d at 1437 (concluding that plaintiff's failure to file her action within thirty days of the Board's decision rendered it time-barred, and that equitable tolling does not apply where a litigant fails to meet a deadline due to "garden variety" neglect).

Summary judgment on Grayton's claims on behalf of a putative class was also proper because pro se litigants have no authority to represent anyone other

11-57248

than themselves.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others).

Grayton's contentions regarding the denial of his request for entry of default, the district court's adjudication of defendants' summary judgment motion without a hearing, the alleged untimeliness of defendants' answering brief on appeal, and defendants' alleged waiver of sovereign immunity are unpersuasive.

Arguments that Grayton raises for the first time in his reply brief concerning mandatory appointment of class counsel are waived.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**

11-57248