**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY OWEN KENDALL, | No. 12-35841 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00330-EJL-LMB |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Gary Owen Kendall appeals pro se from the district court's judgment

dismissing his putative class action arising from alleged wrongs directed against

veterans and their families.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Kendall's action was proper because the district court lacked subject matter jurisdiction over Kendall's claims relating to or affecting veteran's benefits decisions, including the RICO claims. *See* 38 U.S.C. § 511(a); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1021-26 (9th Cir. 2012) (en banc) (district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veteran's benefit decision, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the [Department of Veteran's Affair's] ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)).

The district court properly dismissed Kendall's claims on behalf of a putative class because non-attorney pro se litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others).

12-35841

Kendall's requests in his opening briefs for class counsel are denied because Kendall has failed to demonstrate extraordinary circumstances warranting appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Kendall's request in his addendum to his opening brief to be recognized as a private attorney general is denied.

The request for an order of mandamus of prohibition, contained in Kendall's filing submitted on July 9, 2013, is denied.

**AFFIRMED.**