**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>BERNZOMATIC, an unincorporated division of Irwin Industrial Tool Company; et al.,<br><br>　　　　Defendants - Appellees. | No. 12-56415<br><br>D.C. No. 3:11-cv-00068-AJB-DHB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted July 22, 2014[**]

Before:　　GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

　　Andrew W. Shalaby, an attorney, appeals pro se from the district court's

judgment dismissing his diversity action alleging products liability and related

claims.　We have jurisdiction under 28 U.S.C. § 1291.　We review de novo a

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

district court's decision to deny declaratory relief. *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1040 (9th Cir. 2004). We affirm.

The district court properly dismissed Shalaby's claim for declaratory relief because, contrary to Shalaby's contention, Federal Rule of Evidence 702 is the applicable standard for the admissibility of expert testimony in federal court. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 582, 597 (1993); *see also Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010) (in diversity cases, the Federal Rules of Evidence govern generally, and in the context of the admissibility of expert testimony, no exception applies).

The district court did not abuse its discretion by imposing a pre-filing restriction against Shalaby after giving him notice and an opportunity to be heard, developing an adequate record for review, making findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing the four factors for imposing pre-filing restrictions).

Shalaby lacks standing to appeal the district court's extension of the pre-filing restriction to his wife, Sonia Dunn-Ruiz, who was not a party below. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well

established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 511 (9th Cir. 1978) ("[A] party may only appeal to protect its own interests. . . ."). However, if in the future the restriction is applied to Dunn-Ruiz, she may challenge the order. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) ("[T]his court does have jurisdiction to review orders which preclude particular litigants from filing their pleadings.").

Shalaby's request for judicial notice, set forth in his opening brief, is denied.

**AFFIRMED.**