**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DION ANDERSON,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>EDMUND G. BROWN, Jr., California State Governor; et al.,<br><br>Defendants - Appellees. | No. 15-16408<br><br>D.C. No. 1:12-cv-01839-AWI-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Dion Anderson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Anderson's action because Anderson failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly determined that, as a pro se party, Anderson could not litigate the instant action as a class action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").

The district court did not abuse its discretion by denying Anderson's motion for appointment of counsel because Anderson failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

The district court did not abuse its discretion by declining to recuse the

magistrate judge because Anderson failed to establish any ground for recusal. *See*

*Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008) (setting forth

standard of review and grounds for recusal).

Anderson's contentions regarding improper venue are without merit.

**AFFIRMED.**