NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OWEN KEIPER,

             Plaintiff-Appellant,

   v.

VENTA, Parole Officer; JASON BROWN,
Parole Officer,

             Defendants-Appellees.

No. 15-35575

D.C. No. 3:13-cv-00235-RRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

    Owen Keiper appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations arising from the

seizure and impoundment of his vehicle.  We have jurisdiction under 28 U.S.C.

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Keiper failed to raise a genuine dispute of material fact as to whether defendants Brown and Venta personally participated in the alleged rights deprivation. *See Jones v. Williams*, 297 F.3d 930, 934-35 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Keiper has abandoned any claims against Officers Hasbrouck and Witte because Keiper failed to replead any claims against them in his first amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14, 974 n.15 (9th Cir. 2013) (failure to replead claims in amended complaint amounts to abandonment of those claims). Keiper's contentions that he should have been granted further leave to amend to allege claims against additional defendants are unpersuasive.

2

The district court properly dismissed without prejudice Keiper's claims on behalf of James because, as a non-attorney, Keiper cannot represent another person in this action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others).

The district court did not abuse its discretion in denying Keiper's motion for appointment of counsel because Keiper failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review).

The district court did not abuse its discretion in denying Keiper's request for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal and stating that judicial rulings alone rarely constitute a valid basis for a recusal motion). Keiper's contentions that the district court was biased and denied him access to the courts are unpersuasive.

The district court did not abuse its discretion in granting defendants' motion for an extension of time to file dispositive motions. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (standard of review); *FTC v. Gill,* 265 F.3d 944, 957 (9th Cir. 2001) (district court has broad discretion to

3                                                    15-35575

control its docket and set deadlines).

The district court did not abuse its discretion in denying Keiper's motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider regarding entry of default judgment).

Keiper's contentions regarding the district court's order to show cause and his motion to compel are unsupported by the record.

We do not consider documents or facts that were not presented to the district court. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Keiper's request for appointment of counsel, set forth in his reply brief, is denied.

Keiper's motion for an extension of time, filed on April 4, 2016, is granted. Keiper's request for judicial notice, filed on March 7, 2016, is denied.

Keiper's request to supplement and amend the opening brief, contained in the January 4, 2016 filing, is granted. The requests contained in the supplement are denied.

**AFFIRMED.**