**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2750
_____

CYNTHIA M. YODER,
                              Appellant

v.

GOOD WILL STEAM FIRE ENGINE COMPANY NO. 1, t/b/a Good Will Ambulance;
JSDC LAW OFFICES; JAMES SMITH; DIETERICK CONNELLY; CHABAL YAHN;
SEEBER TOMASKO; JAMES D. YOUNG
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-02693)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: October 16, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cynthia Yoder appeals pro se from the District Court's order dismissing her complaint against the Good Will Steam Fire Engine Company, JSDC Law Offices, and several of its attorneys. For the reasons that follow, we will affirm.

In her complaint, Yoder alleged that the Good Will Steam Fire Engine Company failed to submit to Medicare a bill for ambulance services provided to her father, Rance Strunk. The bill went unpaid, and, ultimately, the Good Will Steam Fire Engine Company, through its attorneys, JSDC Law Offices, initiated a lawsuit in state court against Strunk. In response, Yoder sued Good Will Steam Fire Engine Company, but that state court case was dismissed as frivolous. Yoder asserted that, although she has power of attorney for her father, she was "being prohibited to act on Mr. Strunk's behalf" in the state court litigation. Separately, Yoder appeared to challenge a sheriff's sale of her family's home, asserting that it violated her constitutional rights, as well as those of her father, her mother, and her son.

The District Court sua sponte dismissed the complaint, holding that Yoder lacked standing to raise claims on behalf of her family members, and that, even if her family members were named as plaintiffs, Yoder could not represent them in federal court. With respect to claims asserted on Yoder's own behalf that challenged state court judgments, the District Court held that they were barred by the Rooker-Feldman doctrine. To the extent that the Rooker-Feldman doctrine did not apply, the District Court stated that it could not "discern any plausible basis for a claim that Yoder could bring against the Defendants that would fall within this Court's jurisdiction." In addition, the District

2

Court held that Yoder's request to enjoin the sheriff's sale was moot. Finally, the District Court concluded any amendment of the complaint would be futile. Yoder appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Yoder's complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Yoder could not assert claims on behalf of her family members, over whom she claims to have power of attorney. Indeed, it is well settled that an individual proceeding pro se may not represent third parties in federal court. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam); see also Mariana v. Fisher, 338 F.3d 189, 205 (3d Cir. 2003) (stating that "prudential standing requires that a litigant assert his or her own legal interests rather than those of a third party."). And although power of attorney may confer certain decision-making rights under state law, it is sufficient by itself to allow a non-lawyer to litigate on behalf of another in federal court. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008). To the extent that Yoder's claims were based on injuries she allegedly suffered as a result of state court rulings entered against her before she commenced her federal suit, the District Court properly determined that the claims were barred under the Rooker-Feldman doctrine.[1] See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615

---

[1] It is not clear from Yoder's complaint whether the state court proceedings are ongoing. If they are, Younger abstention would likely be required. See Anthony v. Council, 316

3

F.3d 159, 165 (3d Cir. 2010) (stating that the Rooker-Feldman doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments). In addition, Yoder suggested that the sheriff's sale violated her Fifth and Fourteenth Amendment rights, but none of the named defendants are state actors. See West v. Atkins, 487 U.S. 42, 48 (1988) ("[t]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Furthermore, to the extent that Yoder sought to raise claims under state law, there is no basis for diversity jurisdiction because all parties are citizens of Pennsylvania. See 28 U.S.C. § 1332. Finally, we agree that amendment of the complaint would be futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 288, 292 (3d Cir. 1988) (explaining that "amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

For the foregoing reasons, we will affirm the judgment of the District Court.

---

F.3d 412 (3d Cir. 2003) (holding that Younger abstention is required if there are continuing state proceedings which are judicial in nature, which implicate important state interests, and which afford an adequate opportunity for the appellant to present her federal claims).

4