**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MARCIA F. NELSON; et al.,<br><br>    Defendants-Appellees. | No. 18-16879<br><br>D.C. No. 2:11-cv-02770-TLN-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 26, 2021[**]

Before:   FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

  Rickie L. Chipman appeals pro se from the district court's judgment in her

diversity action alleging state law claims arising from the death of her mother. We

have jurisdiction under 28 U.S.C. § 1291. We reject defendants' contention that

Chipman's notice of appeal was untimely. We review de novo. *Branch Banking*

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*& Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017) (summary judgment); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (judgment on the pleadings). We affirm in part, vacate in part, and remand.

The district court properly dismissed Chipman's wrongful death claims against defendants Valcarenghi, Wilms, Verma, Kasza, Potter, Clark-Martin, Nelson, Boggs-Hargis, and Stansell because Chipman failed to allege facts sufficient to establish these defendants' actions were a cause in fact of her mother's death. *See id*; *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Chipman's willful misconduct, medical battery, elder abuse, negligence in regard to Chipman's mother, and California Patient's Rights claims because Chipman was not allowed to proceed pro se with these claims. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others).

The district court properly dismissed Chipman's perjury claim because there was no basis for civil liability for perjury. *See Carden v. Getzoff*, 235 Cal. Rptr. 698, 703 (Ct. App. 1987) (California does not recognize a civil action for perjury).

18-16879

The district court properly dismissed Chipman's fraudulent concealment claim because Chipman failed to allege facts sufficient to satisfy the heightened pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct).

The district court properly dismissed Chipman's conspiracy and intentional infliction of emotional distress ("IIED") claims because Chipman failed to allege facts sufficient to state a plausible claim. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (setting forth elements of civil conspiracy); *Christensen v. Superior Court*, 820 P.2d 181, 203 (Cal. 1991) (if a plaintiff seeks to recover for emotional distress as the result of injuries to another, the cause of action is limited to the most extreme cases of violent attack); *see also Hebbe*, 627 F.3d at 341-4.

The district court properly dismissed Chipman's claims against defendant Judge Roberts as barred by judicial immunity because Judge Roberts's challenged actions were taken in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and its limited exceptions).

The district court properly dismissed Chipman's false imprisonment claim because she failed to allege facts sufficient to demonstrate that any restraint was

without lawful privilege. *See Snyder v. Evangelical Orthodox Church*, 264 Cal. Rptr. 640, 643 (Ct. App. 1989) (the tort of false imprisonment requires confinement of person "without lawful privilege" (citation omitted)).

The district court did not abuse its discretion by denying Chipman's motion for reconsideration because Chipman failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth requirements for reconsideration).

However, the district court granted summary judgment on Chipman's wrongful death claim against defendant Dr. Matthews and Enloe Medical Center ("EMC") because it found Chipman failed to raise a genuine dispute of material fact as to whether Dr. Matthews' actions were a cause in fact of her mother's death. We disagree. The declaration submitted by Chipman's expert Dr. Mazzarella stated that "the death of [decedent] was largely iatrogenic, due to a serious lack of knowledge of current medical standards on the part of the treating physicians/institution." Drawing all reasonable inferences in Chipman's favor, there is a potential genuine dispute of material fact as to whether defendant Matthews's treatment was a cause in fact of decedent's death. We vacate and remand only as to the grant of summary judgment on Chipman's wrongful death claim against Dr. Matthews and EMC.

We do not consider matters not specifically and distinctly raised and argued

4                                                                                           18-16879

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

**AFFIRMED in part, VACATED in part, and REMANDED.**

Appellees Matthews and EMC shall bear their own costs on appeal.  The remainder of the costs are taxed against Appellant Chipman.