[No. B019632. Second Dist., Div. Five. Oct. 30, 1987.]

BILLIE TULLAI et al., Plaintiffs and Appellants, v.
TIM HOMAN et al., Defendants and Respondents.

**COUNSEL**

Ned Good and David Toam for Plaintiffs and Appellants.

Herzfeld & Rubin, Roy D. Goldstein, Seymour W. Croft, Leach, Biesty & McGreevy, John B. Furay, De Witt W. Clinton, County Counsel, Philip S. Miller, Deputy County Counsel, Collins, Collins, Muir & Traver and John J. Collins for Defendants and Respondents.

**OPINION**

ASHBY, J.—Plaintiffs Billie Tullai and Nick Tullai, Sr., appeal from an order of dismissal following the sustaining of a demurrer to the sixth cause of action of a first amended complaint for damages arising out of an auto accident which injured plaintiffs' son, Nick Tullai, Jr.

Only a sketchy version of facts is contained in the first amended complaint. On November 12, 1983, plaintiffs' son, Nick Tullai, Jr., was a passenger in a Volkswagen automobile which was involved in an accident. He was severely injured and rendered a quadriplegic. The first five causes of action are on behalf of Nick Tullai, Jr., against various defendants, but these causes of action are not involved in this appeal.

The sixth cause of action is on behalf of plaintiffs Billie Tullai and Nick Tullai, Sr., against all defendants, for loss of parent-child consortium. It

alleges that by reason of the injuries to Nick Tullai, Jr., "plaintiffs have been permanently deprived of his consortium, care, companionship, comfort, services, society, solace, affection and love and have been turned into heart broken [*sic*] parents rendering . . . lifetime attendant physical and emotional care to their son . . . ."

A demurrer to this cause of action was sustained on the ground that California law recognizes no cause of action for loss of parent-child consortium. On plaintiffs' motion pursuant to Code of Civil Procedure section 581, subdivision (c), that cause of action was severed and dismissed in order to permit appellate review of the question of law involved.[1]

■ The trial court properly sustained the demurrer. The California Supreme Court has clearly ruled that no cause of action lies for loss of consortium between parent and child. (*Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441, 443-453 [138 Cal.Rptr. 302, 563 P.2d 858]; *Baxter* v. *Superior Court* (1977) 19 Cal.3d 461, 463-466 [138 Cal.Rptr. 315, 563 P.2d 871]; *Hoyem* v. *Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 522 [150 Cal.Rptr. 1, 585 P.2d 851].)

Plaintiffs contend that if their son had died, they could recover the value of his affection and society (Code Civ. Proc., § 377; *Krouse* v. *Graham* (1977) 19 Cal.3d 59, 68 [137 Cal.Rptr. 863, 562 P.2d 1022]) and that no rational basis exists for denying their recovery when he is severely disabled and in need of constant care. This argument was considered and rejected in *Borer* v. *American Airlines, Inc., supra,* 19 Cal.3d at pages 451-452, which pointed out that the wrongful death statute was enacted to provide an otherwise unavailable remedy and deterrent to tortfeasors and the only means the family unit could be compensated for the loss of services of the decedent. When the injured person remains alive, the tortfeasor does not escape with impunity, since the injured person retains his own cause of

---

[1] In the amended complaint the named defendants were Tim Homan and William Homan, apparently the driver and the owner of the vehicle in which plaintiff's son was a passenger; Edward Ramirez, apparently a property owner alleged to have allowed shrubs and trees to obscure a stop sign; the County of Los Angeles, apparently alleged to have maintained a dangerous condition of the road; Volkswagen Aktiengesellschaft and Volkswagen of America, Inc. (hereinafter Volkswagen), alleged to have defectively designed and manufactured the vehicle; and Valley Auto Brokers, alleged to have sold the vehicle.

Up until now the laboring oar in this litigation was pulled by Volkswagen. The demurrer was filed by Volkswagen; the dismissal was on plaintiffs' motion to sever the sixth cause of action and operated in favor of all defendants. On appeal, Volkswagen and Valley Auto Brokers filed respondent's briefs, and the county and the Homans filed letters stating that they join Volkswagen's brief.

Meanwhile, however, we have been advised by both parties that plaintiffs have settled with Volkswagen, and the appeal is moot as to Volkswagen. Since several defendants joined in Volkswagen's brief, including the assertion the appeal is frivolous, we discuss that issue *post.*

action. Plaintiffs contend that many of the traditional arguments against liability were rejected in *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 385-408 [115 Cal.Rptr. 765, 525 P.2d 669], when the court allowed a cause of action for loss of *spousal* consortium. They argue no rational basis exists for denying recovery for loss of parent-child consortium while allowing recovery for a spouse. The distinction was fully considered in *Borer, supra,* 19 Cal.3d at pages 448-449, 453, which concluded that policy considerations based on the intangible character of damages, the inadequacy of monetary compensation, the difficulty of measuring damages, and the danger of imposing extended and disproportionate liability were more significant in considering whether to extend liability to all foreseeable relationships than in considering the unique spousal relationship.[2] (See also *Baxter* v. *Superior Court, supra,* 19 Cal.3d at p. 464 [danger of multiplicity of actions is slightly less when a child sues for loss of parental consortium than when a parent sues for loss of a child's consortium, since a child has only two parents while parents may have many children, but this does not justify a different rule for child-parent consortium].) In any event, we and the trial court are bound to follow the Supreme Court's clear expressions on the subject. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We shall affirm the order of dismissal; plaintiffs' arguments that *Borer* and *Baxter* should be reconsidered must be addressed to the Supreme Court.

█ Although we affirm the trial court's order, we reject defendants' contention that sanctions should be imposed on plaintiffs for a frivolous appeal. This is not the type of case contemplated by the rule set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 [183 Cal.Rptr. 508, 646 P.2d 179]. There the Suprene Court discussed two standards for determining improper appeals; the subjective standard whether the appeal was taken for an improper purpose to vex or delay, and the objective standard whether any reasonable person would agree that the point raised was totally devoid of merit. The court mentioned that usually the two standards are used together "with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Id.,* at p. 649.) The court held "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.,* at p. 650.)

---

[2] In addition, defendants point out that the instant case does not even involve the traditional relationship of parent and *minor* child. Plaintiff's son was already 21 years old when injured.

This appeal obviously is not brought to delay an adverse judgment. On the contrary, plaintiffs hope for an appellate resolution which would permit this cause of action to be tried with the others still pending below. Furthermore, we see no evidence of an improper motive to harass the defendants. Nor does the appeal arise from ignorance of the law. Plaintiffs frankly acknowledge the contrary authority and urge that subsequent developments merit overruling that authority. We cannot say that no reasonable attorney would consider such an appeal. Plaintiffs' brief cites an opinion, which was already in existence when plaintiffs filed this appeal, in which two justices of the Court of Appeal expressly urged the Supreme Court to reconsider the *Borer* decision, and as to which three justices of the Supreme Court favored granting review. (*Nix* v. *Preformed Line Products Co.* (1985) 170 Cal.App.3d 975, 981-986, 987 [216 Cal.Rptr. 581]. See also *Martinez* v. *County of Los Angeles* (1986) 186 Cal.App.3d 884, 895-896 [231 Cal.Rptr. 96] [conc. opn.].) Plaintiffs view their cause of action as a logical extension of principles in *Rodriguez* v. *Bethelehem Steel Corp., supra,* 12 Cal.3d 382, an extension the Supreme Court was unwilling to approve in the 1977 *Borer* and *Baxter* decisions but which plaintiffs hope the court would now reconsider. Such advocacy is part of the dynamics of the common law. (See *Umansky* v. *Urquhart* (1978) 84 Cal.App.3d 368, 372.) Plaintiffs' appeal is not the type of abuse of the appellate process contemplated by *In re Marriage of Flaherty, supra,* 31 Cal.3d 637 [148 Cal.Rptr. 547].

Feinerman, P. J., and Hastings, J., concurred.

Appellants' petition for review by the Supreme Court was denied January 20, 1988. Mosk, J., was of the opinion that the petition should be granted.