Filed 3/26/14  Matusek v. Benn CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LEEANNE MATUSEK, | B247621 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC274700) |
| v. | |
| RODNEY BENN, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Holly E. Kendig, Judge; Matthew St. George, Commissioner.  Affirmed.

O'Neil & Matusek and Henry John Matusek for Plaintiff and Appellant.

Law Office of John G. Warner and John G. Warner for Defendant and Respondent.

_____

# INTRODUCTION

Plaintiff and appellant LeeAnne Matusek appeals three post-judgment orders granting defendant and respondent Rodney Benn attorney fees. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

This is the fourth appeal in this mater. Matusek commenced this litigation in 2002 by filing a complaint in superior court against Benn and other defendants. In our previous three opinions, dated July 5, 2006 (Case No. B176883, *Matusek I*), October 29, 2009 (Case No. B206776, *Matusek II*) and April 18, 2012 (Case No. B229234, *Matusek III*), we set forth the factual and procedural background of the case in great detail. We shall briefly summarize our previous background sections and provide an update on events since *Matusek III.*

1.      *Matusek I*

In about 1999, Matusek appeared as an actor in an infomercial produced by a company owned by Benn. Based on defendants' alleged conduct in relation to the infomercial, Matusek asserted numerous causes of action, including breach of contract, fraud and misappropriation of likeness in violation of Civil Code section 3344.

Matusek ultimately prevailed on many of her claims. In *Matusek I*, we directed the trial court to enter judgment awarding Matusek $43,864.07 in compensatory damages and $250,000 in punitive damages against defendant Murad, Inc., and $296 in compensatory damages and $1,200 in punitive damages against defendant Rodney Benn Productions, Inc. (RBP). We stated, however, that we did not "address whether the trial court erred by granting [judgment notwithstanding the verdict] as to Matusek's cause[ ] of action for . . . misappropriation of likeness."

2.      *Matusek Collects Over $400,000 on an Amended Judgment*

In October 2006, the trial court entered an amended judgment in conformity with this court's judgment in *Matusek I*. In May 2007, Murad, Inc. and related defendants (Murad defendants) paid Matusek $403,877.99 in satisfaction of the judgment. This payment included the amounts due for compensatory and punitive damages, prejudgment costs, costs of appeal, and interest. The parties, however, continued to litigate many

2

issues, including whether Benn and RBP could recover statutory attorney fees for the misappropriation of likeness claim under Civil Code section 3344.

3.     *The 2007 Judgment*

On September 28, 2007, the trial court entered a judgment pursuant to remittitur (2007 judgment).   The judgment awarded Matusek compensatory and punitive damages against the Murad defendants in the amounts stated in *Matusek I*.  The judgment also awarded plaintiff $296 in compensatory damages and $1,200 in punitive damages against RBP, as well as against Benn, as RBP's alter ego.  Additionally, the judgment stated that Matusek was the prevailing party within the meaning of Code of Civil Procedure section 1032, subdivision (a)(4) against the Murad defendants, Benn and RBP, and awarded plaintiff $15,532.52 in pre-judgment costs of suit against said defendants.  Finally, the 2007 judgment awarded defendant Richard Murad, Benn and RBP $4,536 each (a total of $13,608) in reasonable costs and attorney fees incurred to defend against plaintiff's Civil Code section 3344 claim.

4.     *Matusek II*

Benn and RBP appealed the 2007 judgment.  They argued, inter alia, that the award of attorney fees pursuant to Civil Code section 3344 was arbitrarily too low.  In *Matusek II*, however, we held the trial court did not abuse its discretion in its determination of the attorney fee award under Civil Code section 3344.  Additionally, we concluded that the trial court properly denied Benn and RBP appellate attorney fees related to *Matusek I* because we did not adjudicate Matusek's Civil Code section 3344 cause of action in that opinion.  We also exercised our discretion in denying the Benn defendants' request for attorney fees on appeal associated with *Matusek II*.

5.     *October 8, 2010, Order*

On July 8, 2010, the superior court issued an abstract of judgment in the amount of $13,608 in favor of Benn, RBP and Richard Murad, and against Matusek.  Matusek then filed a motion seeking to (1) strike the abstract of judgment and (2) amend the 2007 judgment.  In this motion, Matusek sought to recover $5,075 in attorney fees pursuant to Code of Civil Procedure section 724.080 and damages in the amount of $250 pursuant to

3

Code of Civil Procedure section 724.070, on the ground that defendants wrongfully refused to execute a satisfaction of judgment. In an order dated October 8, 2010, the court granted Matusek's motion. Defendants filed a timely notice of appeal of that order.

6. *Matusek III*

In *Matusek III*, we held that the trial court had discretion and authority to award statutory attorney fees and costs to defendants as the prevailing parties in Matusek's Civil Code section 3344 cause of action. We also held the Murad defendants' payment of $403,877.99 to Matusek, which included payment of the $15,432.52 prejudgment costs of suit and the $5,778.09 costs of appeal awarded against Benn and RBP, discharged Benn and RBP from liability for these amounts and satisfied the judgment against these defendants. We thus reversed the order dated October 8, 2010, and directed the trial court to enter a new and different order for issuance of an abstract judgment reflecting judgment in favor of Benn for $4,536 and in favor of Richard Murad for $4,536.[1]

7. *The Superior Court's Post-Judgment Orders Awarding Benn Attorney Fees*

On September 5, 2012, Benn filed two motions for attorney fees. The first was brought under Code of Civil Procedure section 724.080. This statute provides that in an action or proceeding pursuant to Code of Civil Procedure section 724.010 et seq., a chapter in the code pertaining to satisfaction of judgment, "the court shall award reasonable attorney's fees to the prevailing party." (Code Civ. Proc., § 724.080.) Benn sought $7,205 in attorney fees in this motion.

In his second motion, Benn sought to recover $17,175 in attorney fees on appeal related to *Matusek III*. This motion was made pursuant to Civil Code section 3344, the statute governing the unauthorized use of another's name or likeness. Subdivision (a) of the statute provides: "The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (Civ. Code, § 3344, subd. (a).)

---

[1] We did not issue the same directive with respect to RBP because it was a suspended corporation at the time.

On December 14, 2012, Benn filed a third motion for attorney fees. In this motion, Benn sought to recover $13,240 in fees related to his efforts to enforce the judgment against Matusek. The motion was brought pursuant to Code of Civil Procedure section 685.040, which provides: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law."

On January 2, 2013, the trial court entered an order granting Benn's first motion. The order awarded Benn $6,370 in attorney fees, as well as a "statutory penalty" in the amount of $250,[2] for a total sum of $6,620. On the same date, the court entered an order granting Benn's second motion and awarding Benn attorney fees on appeal in the amount of $17,115.

On January 25, 2013, the trial court entered an unsigned minute order granting Benn's third motion. This order awarded Benn $3,500 in attorney fees to enforce the judgment.

On March 18, 2013, Matusek filed a notice of appeal of (1) the January 2, 2013, order granting Benn's motion for attorney fees as the prevailing party under Code of Civil Procedure section 724.080, (2) the January 2, 2013, order granting Benn's motion for attorney fees on appeal, and (3) the order granting Benn's "motion for attorney fees to enforce judgment after hearing on January 25, 2013 (Notice of Entry yet to be served)."

On May 30, 2013, the trial court entered a signed order granting Benn's motion for attorney fees to enforce the judgment and awarding Benn fees in the sum of $3,500.

---

[2]     Code of Civil Procedure section 724.070, subdivision (a), provides: "If a judgment creditor intentionally conditions delivery of an acknowledgement of satisfaction of judgment upon the performance of any act or the payment of an amount in excess of that to which the judgment creditor is entitled under the judgment, the judgment creditor is liable to the judgment debtor for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount."

5

## DISCUSSION

### 1. *Benn's Motion to Dismiss Is Denied*

Benn filed a motion to dismiss on the grounds that Matusek's appeal of the two January 2, 2013, orders is untimely and her appeal of the May 30, 2013, order is premature. He asserted the same arguments in his respondent's brief. For reasons we shall explain, we reject these arguments and deny Benn's motion to dismiss.

#### a. *Matusek's Appeal Is Timely*

A notice of appeal must be filed on or before the earliest of:

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a).)

Here, on January 2, 2013, the court clerk served the parties with an unsigned minute order granting Benn's first two motions for attorney fees. Contrary to Benn's contention, this did *not* begin the 60-day time period because the minute order was neither (1) a document entitled "Notice of Entry" nor (2) a "file-stamped" copy of a court ruling. (See *Sunset Millenium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 257 ["Because the 14-page minute order was not *entitled* 'notice of entry,' we deny defendant's dismissal motion"].)

On January 16, 2013, Benn's counsel served Matusek's counsel with (1) a document entitled "Notice of Entry of Order Granting Rodney Benn's Motion for Attorney Fees as Prevailing Party" and (2) a document entitled "Notice of Entry of Order Granting Rodney Benn's Motion for Attorney Fees on Appeal." The 60-day time period accrued on that date and expired on March 17, 2013. Because March 17, 2013, was a Sunday, the 60-day period was extended to the following day—Monday, March 18,

6

2013—the day on which Matusek filed her notice of appeal. (Cal. Rules of Court, rule 1.10(b).) Matusek's appeal of the two January 2, 2013, orders was therefore timely.

Benn argues that the 60-day period accrued on January 2, 2013, because the minute order was "immediately appealable" on that date. (See Cal. Rules of Court, rule 8.104(c)(2) ["The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes"].) We agree that the minute order was indeed entered and appealable as of January 2, 2013. This does not, however, make Matusek's appeal untimely. Although the 180-day time period accrued on that day because it was the date of an "entry" of an appealable order, the 60-day period did not accrue because a document *entitled* "Notice of Entry" or a file-stamped copy of the appealable order was not served on Matusek. Matusek filed her notice of appeal within both the 60-day limit and the 180-day limit.

> b. *Matusek's Appeal of the Order Granting Attorney Fees to Enforce Judgment Is Timely*

Benn argues that Matusek's March 18, 2013, notice of appeal was premature and invalid to the extent Matusek seeks review of the trial court's May 30, 2013, signed order granting Benn's motion for attorney fees to enforce judgment. We reject this argument and treat the notice of appeal as filed immediately upon the entry of the order. (Cal. Rules of Court, rule 8.104(d)(1).)

> 2. *Matusek's Arguments Are Without Merit*

> a. *Matusek Cannot Challenge the 2007 Judgment in This Appeal*

Matusek requests this court strike the paragraphs in the 2007 judgment awarding defendants attorney fees pursuant to Civil Code section 3344. The time to appeal that judgment, however, has long past. (Cal. Rules of Court, rule 8.104(a).)

Matusek argues she can challenge the 2007 judgment in this appeal because it is "void on its face." She claims the judgment was in excess of the trial court's jurisdiction as set forth in *Matusek I*. This argument lacks merit.

7

In *Matusek I*, we stated only that we had "no reason to address whether the trial court erred by granting [judgment notwithstanding the verdict] as to Matusek's cause[ ] of action for . . . misappropriation of likeness" under Civil Code section 3344. Then in *Matusek II* and *Matusek III*, we repeatedly indicated that the trial court, in its 2007 judgment, acted within its discretion in awarding attorney fees to Benn, RBP and Richard Murad under Civil Code section 3344. For example, in *Matusek III*, we stated: "*Matusek II* concluded that the trial court's apportionment of fees, and its determination of the amount of fees, in the September 28, 2007, judgment pursuant to remittitur was within its discretion, and affirmed that award to Benn and RBP." By arguing the trial court acted beyond its jurisdiction in awarding defendants attorney fees under Civil Code section 3344, Matusek misconstrues or ignores the holdings of our three previous opinions in this matter.

      b.      *Order Granting Benn Attorney Fees as the Prevailing Party Under Code of Civil Procedure section 724.080*

Matusek argues the trial court erroneously granted Benn attorney fees pursuant to Code of Civil Procedure section 724.080 because Benn was not the prevailing party in the satisfaction of judgment proceedings that followed our decision in *Matusek II*. This simply is not true.

Matusek and Benn vigorously disputed in the trial court whether Benn, as a judgment creditor, conditioned delivery of an acknowledgment of satisfaction of judgment on the performance of an act or payment of any amount in excess of that to which Benn was entitled under the judgment. Matusek initially prevailed on this issue in the trial court. In *Matusek III*, however, we reversed and ruled in Benn's favor, concluding there was no setoff of the amounts Matusek owed to Benn because "the Murad defendants' payment to Matusek of prejudgment costs of suit and costs of appeal discharged Rodney Benn individually and Rodney Benn Productions, Inc. of liability to Matusek for those judgment amounts." Accordingly, we directed the trial court to enter a new order "for issuance of an abstract of judgment reflecting . . . judgment for defendant Rodney Benn individually and against [Matusek] for $4,536 in reasonable costs and

8

attorney fees." Benn was the prevailing party in the satisfaction of judgment proceedings and was entitled to reasonable attorney fees under Code of Civil Procedure section 724.080.

Matusek's arguments regarding the prevailing party issue are difficult to follow. It appears she contends Benn was not the prevailing party because we noted in *Matusek III* that RBP, as a suspended corporation, could not prosecute or defend an action or appeal. This argument misconstrues the prevailing party analysis. RBP was not awarded attorney fees under the January 2, 2013, order at issue, and is not a party to this appeal.[3] As between Matusek and Benn, Benn was the prevailing party.

Alternatively, Matusek contends the trial court failed to properly apportion the attorney fees defendants incurred. Matusek, however, failed to explain with citations to evidence in the record, factual analysis, and citations to legal authority why we should reverse the order on this ground. Matusek therefore forfeited the argument on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245, fn. 14; *Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 218.)

      c.    *Order Granting Benn Attorney Fees on Appeal*

With respect to the January 2, 2013, order granting Benn attorney fees on appeal pursuant to Civil Code section 3344, Matusek argues that this court "never decided" whether Benn prevailed under that statute. The premise of Matusek's argument is false. In *Matusek III*, we clearly held that Benn and other defendants were prevailing parties for purposes of Matusek's Civil Code section 3344 claim. We also concluded the trial court

---

[3] In any case, we held in *Matusek III* that the trial court erroneously required RBP to pay Matusek's counsel attorney fees and damages pursuant to Code of Civil Procedure sections 724.070 and 724.080.

had discretion to award Benn and other defendants attorney fees pursuant to Civil Code section 3344.[4]  Matusek's argument to the contrary is meritless.

Alternatively, Matusek argues the trial court abused its discretion in failing to apportion the fees Benn claimed.  Matusek forfeited this argument because she did not raise the issue in the trial court.  (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 798 [party forfeited arguments by failing to preserve them in the trial court].)

### d.      *Order Granting Benn Attorney Fees to Enforce the Judgment Pursuant to Code of Civil Procedure Section 685.040*

Code of Civil Procedure section 685.040 provides:  "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment.  Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law.  Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."[5]

---

[4]      One of our headings in *Matusek III* stated:  "*The Trial Court Had Authority to Award Statutory Attorney Fees and Costs to Defendants **Who Prevailed in Plaintiff's Action for Violation of Civil Code Section 3344**.*"  (Italics in original, boldface added.) In that section of the opinion, we expressly rejected Matusek's argument that she was the prevailing party for all purposes, including her Civil Code section 3344 cause of action. We further explained that although Matusek prevailed on some causes of action, "the trial court has discretion to award attorney fees and costs to defendants who prevail on a cause of action in which a statute [i.e. Civil Code section 3344] entitles the prevailing party to them."

[5]      Code of Civil Procedure section 1033.5, subdivision (a)(10)(A), provides that attorney fees may be awarded when authorized by contract.

10

Relying on the last sentence of Code of Civil Procedure section 685.040, Matusek argues the postjudgment attorney fees award was improper because "[Benn] did not obtain a judgment to include [*sic*] an award of attorney fees pursuant to [Code of Civil Procedure section] 1033.5." The contention misapprehends the governing statute.

Matusek's argument ignores the penultimate sentence of Code of Civil Procedure section 685.040, which authorizes postjudgment attorney fees where "otherwise provided by law." Here, the judgment awarded Benn attorney fees pursuant to Civil Code section 3344, subdivision (a). Fees awarded under that statute are provided by law, and nothing in Civil Code section 3344 limits an award of fees to those incurred prior to the judgment. (See *Berti v. Santa Barbara Beach Properties* (2006) 145 Cal.App.4th 70, 76-77 (*Berti*) [affirming attorney fees awarded to enforce judgment containing award of statutory attorney fees made under former Corporations Code section 15634].)

The court in *Berti* rejected an argument substantively identical to Matusek's contention concerning the last sentence of Code of Civil Procedure section 685.040. Addressing the argument, the *Berti* court explained: "The final sentence of Code of Civil Procedure section 685.040, on which SB Beach relies, is intended to solve a problem *unique to a claim for postjudgment fees in actions based on contract.* A judgment extinguishes all further contractual rights, including the contractual attorney fees clause. [Citation.] Thus in the absence of express statutory authorization, such as that contained in the final sentence of Code of Civil Procedure section 685.040, postjudgment attorney fees cannot be recovered. *Fees authorized by statute do not present the same problem.* A judgment does not act as a merger and a bar to statutory fees. [Citation.] Such fees are incident to the judgment. [Citation.] *Thus there was no need to include statutory fees in the final sentence of Code of Civil Procedure section 685.040.* The section does not bar an award of fees for Berti's motions to enforce the judgment." (*Berti, supra,* 145 Cal.App.4th at p. 77, italics added.)

11

Because Benn obtained an award of statutory—not contractual—attorney fees, the final sentence of Code of Civil Procedure section 685.040 does not apply.  Benn sought to enforce a provision of the judgment awarding attorney fees as "provided by law." (Code Civ. Proc., § 685.040.)  The trial court properly awarded Benn postjudgment attorney fees pursuant to Code of Civil Procedure section 685.040.

3.      *Benn's Motion for Sanctions Is Denied*

Benn filed a motion for sanctions pursuant to Code of Civil Procedure section 907. The statute states:  "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Code Civ. Proc., § 907.)  Our Supreme Court has instructed that "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).)

In applying the foregoing standard, we must be cautious to "avoid a serious chilling effect on the assertion of litigants' rights on appeal.  Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal.  An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.  Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*Flaherty, supra,* 31 Cal.3d at p. 650.)  Indeed, as our Supreme Court explained, " '[i]f the issue which the attorney is called upon to decide is fairly debatable, then under his oath of office, he is not only authorized but obligated to present and urge his client's claim upon the court.' "  (*Id.* at p. 647.)  "The difficulty is in striking a balance that will ensure both that indefensible conduct does not occur and that attorneys are not deterred from the vigorous assertion of clients' rights." (*Id.* at p. 648.)

12

Though we have grave concerns about the motivations behind some of Matusek's arguments—particularly those premised on assertions we specifically rejected in the prior three appeals—we are not prepared to conclude the entire appeal was taken for an improper purpose or that every argument indisputably has no merit. In particular, though one Court of Appeal has rejected Matusek's argument concerning Code of Civil Procedure section 685.040 (see *Berti, supra,* 145 Cal.App.4th at p. 77), we cannot say that every reasonable attorney would agree the contention is totally and completely without merit.[6] (See, e.g., *Tullai v. Homan* (1987) 195 Cal.App.3d 1184, 1186-1187 [concluding sanctions were not appropriate in appeal after order sustaining demurrer to cause of action for loss of parent-child consortium, notwithstanding California Supreme Court authority holding no cause of action lies for loss of consortium between parent and child].) While this is a difficult decision, we believe the better course is to refrain from imposing sanctions at this time with the admonition that, in the future, we will be inclined to impose monetary sanctions on any party who files a frivolous appeal, petition or motion in this case.

---

[6] To be sure, as Matusek cites in her brief, this court has held, albeit in a case involving attorney fees awarded pursuant to a contractual attorney fees provision, that "there are two requirements before a motion for an award of postjudgment attorney fees may be awarded as costs: (1) the fees must have been incurred to 'enforce' a judgment; and (2) *the underlying judgment had to include an award for attorney fees pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A).*" (*Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 935, italics added.) Although our holding in *Jaffe* is inapposite where attorney fees are authorized by statute—a point we acknowledged in that case (see *Jaffe,* at p. 934)—we are reluctant to order sanctions in light of the language in *Jaffe*.

## DISPOSITION

The two orders dated January 2, 2013 and the order dated May 30, 2013, are affirmed. Respondent Rodney Benn is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

We concur:


KLEIN, P. J.


ALDRICH, J.


14