NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOPHIE HU; FUMIAN ZHAO,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>JANSSEN PHARMACEUTICALS, INC.; BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>    Defendants - Appellees. | No. 24-6300<br><br>D.C. No.<br>4:21-cv-05990-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 31, 2026[**]

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Plaintiff-Appellant Sophie Hu ("Hu") brought this action against

Defendants-Appellees Janssen Pharmaceuticals, Inc. and Bayer Healthcare

Pharmaceuticals, Inc. (collectively, "Defendants") on behalf of herself and her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

mother, Fumian Zhao, alleging that her mother became incapacitated after taking the medication Xarelto. The district court granted Defendants' motion to dismiss Hu's loss of consortium claim with prejudice, and her remaining claims without prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of a motion to dismiss. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 663–64 (9th Cir. 2008). Likewise, we review questions of standing de novo. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

1.      The district court did not err in dismissing Hu's loss of consortium cause of action because, under California law, a child cannot bring a nonstatutory claim for loss of parental consortium. *See Borer v. Am. Airlines, Inc.*, 19 Cal. 3d 441, 444, 453 (1977); *see also Tullai v. Homan*, 195 Cal. App. 3d 1184, 1186 (1987).

2.      Further, while we are sympathetic to Hu's inability to find an attorney, a conservator or guardian ad litem does not have standing to prosecute an action *pro se* on another's behalf. *Simon*, 546 F.3d at 664 ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *see Johns*, 114 F.3d at 876–77 (holding that a parent or guardian cannot bring an action on behalf of a child or incompetent person without retaining a lawyer); *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a

non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.").  Because Hu is not an attorney, and is not represented by counsel, the district court did not err in dismissing the remaining causes of action without prejudice.

**AFFIRMED.**