**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2782
_____

CLIFFORD B. REPOTSKI,
                                        Appellant

v.

AMS LAW PC; MS. SHARON MEISLER; MS. ANITA SETH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-03311)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2018

Before: VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 30, 2018 )
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Clifford B. Repotski appeals from the District Court's order

dismissing his complaint under 28 U.S.C. § 1915(e)(2).  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In July 2017, Repotski filed a vague and rambling complaint in the United States District Court for the Eastern District of Pennsylvania, raising what appear to be constitutional claims pursuant to 42 U.S.C. § 1983 against AMS Law, P.C., and AMS Law attorneys Anita Seth and Sharon Meisler. Although the allegations are unclear, it appears that Repotski's claims arise from his 2012 guilty plea for possession of child pornography. Repotski claims that his convictions and sentence are illegal because his attorneys failed to provide effective assistance of counsel by allowing him to plead guilty even though he was innocent and suffers from mental illness in the form of anxiety and depression. He also alleges that the attorneys colluded with the District Attorney's office to secure his conviction. Repotski was not represented in that criminal action by Seth, Meisler, or anyone from AMS Law; for whatever reason, he has not named his attorneys from that action as defendants here.

In 2015, Repotski filed a petition pursuant to 28 U.S.C. § 2254 challenging his conviction, which was dismissed as untimely and lacking in evidence of actual innocence. This Court rejected Repotski's claims of factual innocence and denied his request for a certificate of appealability. See C.A. No. 15-4060. Repotski was subsequently arrested in 2016 for violating the terms of his probation. AMS Law represented Repotski in the probation hearing, which resulted in his voluntarily stipulating to all violations. It appears that Repotski is also claiming that his arrest and subsequent incarceration for violating the terms of his probation were improper because his underlying convictions and sentence are improper, and that Seth and Meisler were

2

ineffective for failing to raise his mental disabilities.  Repotski seeks damages and expungement of his record.

On July 31, 2017, pursuant to 28 U.S.C. §§ 1915(e), the District Court sua sponte dismissed the complaint for failure to state a claim.  Repotski appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order dismissing Repotski's complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court that Repotski's complaint is barred under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff bringing a § 1983 action must prove that his conviction or sentence has been reversed on appeal, expunged, or called into question.  Id. at 486-87.  Because Repotski's allegations – that his underlying guilty plea was unlawful, that his probation violations should be vacated,[1] and that his former attorneys are somehow

---

[1] It is unclear from the complaint whether Repotski is challenging the legality of the proceedings that led to his renewed custody as a separate and independent claim from his challenge to the sufficiency of his underlying criminal convictions.  To the extent that he is challenging the actual validity of his probation proceedings, that claim is also barred by

3

responsible – necessarily challenge the legality of his conviction and sentence, he must demonstrate that his conviction has been invalidated to proceed with this suit. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (holding judgment in favor of plaintiff on ineffective assistance of counsel claim would necessarily imply the invalidity of his conviction); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) (per curiam) (same). He has failed to do so.

Moreover, to the extent that Repotski is asking the Court to vacate his conviction, a § 1983 complaint is not the proper vehicle for his request. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").[2]

For the foregoing reasons, we will affirm the District Court's judgment.

---

Heck. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

[2] To the extent that Repotski references the Racketeer Influenced and Corrupt Organizations Act, we agree with the District Court that he has failed "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Moreover, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over any state law claims that Repotski may have alleged, i.e., malpractice. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

4