**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1898
_____

CYNTHIA YODER,
                    Appellant

v.

DISTRICT ATTORNEY MONTGOMERY COUNTY; MR. MICHEAL FALIN; MR.
TODD N. BARNES; MONTGOMERY COUNTY ADULT PROBATION AND
PAROLE; MS.  TERRY; MS. JEANINE WARTELL; CHESTER COUNTY
PROBATION PAROLE & PRETRIAL SERVICES; MR. JOSEPH CARLINI; MR.
WILLIAM MANN; MS. MAUREEN TRESTON; MS. DIANE CLEMENS; AMS LAW,
P.C.; MS. ANITA SETH; MS. SHARON MEISLER; MR. BASIL BECK, Court
Appointed Attorney
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01274)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2019
Before:  CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: October 4, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Cynthia Yoder, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing her complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii).  For the reasons that follow, we will affirm.

On February 25, 2019, Yoder accompanied her son, Clifford Repotski, to the Montgomery County Adult Probation and Parole Department (the Probation Department), where he "reviewed his medications [and] signed papers without [Yoder's] authorization."[1]  Probation Department employees told Yoder that if she did not grant permission to search Repotski's bedroom, which is located in her parents' home, Repotski would "go back to jail."  In her pro se complaint, Yoder alleged that these actions by Probation Department employees violated a power of attorney that she has for Repotski, and for her parents, the Strunks.  She complained that the "mental anguish of dealing with non-compliant, uneducated bullies of Montgomery County Probation Department gave [her] a headache, lack of energy, [and] stress …."  As relief, Yoder asked that the District Court expunge Repotski's criminal record, report the defendants for disciplinary action, and award her $40 million.

---

[1] Repotski was on probation from a conviction for possession of child pornography.  See Repotski v. AMS Law PC, 710 F. App'x 112, 113 (3d Cir. 2018).

The District Court granted Yoder's motion to proceed in forma pauperis, but dismissed her complaint with prejudice. With respect to the claims that she sought to bring on behalf of Repotski, the District Court held that a pro se litigant may not represent a third party in federal court. The District Court dismissed those claims as frivolous under § 1915(e)(2)(B)(i). The District Court also concluded that Yoder's claim based on the Probation Department employees' demand that she consent to a search of Repotski's room failed to state a claim because she did not "allege that her own property or privacy interests were invaded in way" and because her allegation was not plausible given that Repotski had already granted authorization to search his home as a condition of his probation. Therefore, the District Court dismissed that claim under § 1915(e)(2)(B)(ii). The District Court, moreover, concluded that any further attempts by Yoder to amend her pleading would be futile. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo.[3] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion

[2] To the extent that Yoder attempts in her appellate brief to raise new claims against the appellees, those claims are not properly before us. See, e.g., In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010).

[3] We need not address the District Court's determination that the claims Yoder sought to bring on behalf of Repotski were frivolous under § 1915(e)(2)(B)(i), as we conclude that those allegations failed to state a claim under § 1915(e)(2)(B)(ii). See Murray v.

3

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Yoder brought several claims on behalf of Repotski. In particular, she challenged Repotski's conviction and sentence on the grounds that the investigators "were out of their jurisdiction," that Repotski received ineffective assistance of counsel, that he should have been sentenced in "Mental Health Court," and that he is entitled to an exemption from "Supervision Polygraph Testing." Yoder also vaguely claims that the law firm that previously represented Repotski was engaged in a "civil and criminal conspiracy." Furthermore, she attempted to assert a claim on behalf of the Strunks, alleging that they "have been financially exploited" because they were not reimbursed, pursuant to the 2019 IRS mileage allowance, for the cost of transporting Repotski to the Probation Office. But, as we have repeatedly explained to Yoder, an individual proceeding pro se may not represent third parties in federal court, and a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another. See, e.g., Yoder v. Good Will Steam Fire Engine Co. No. 1, 740 F. App'x 27, 28 (3d Cir. 2018) (citing Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008)). Because Yoder is barred from representing third parties in

---

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (citation omitted) (explaining that court of appeals "may affirm the District Court's judgment on any basis supported by the record.").

federal court, she failed to state a claim in her attempt to assert allegations on behalf of Repotski and the Strunks.

The District Court also properly concluded that Yoder's remaining allegations failed to state a claim upon which relief can be granted. Yoder asserted that Probation Department employees violated her power of attorney and "bull[ied]" her in to authorizing a search of Repotski's bedroom. Notably, however, Yoder cannot demonstrate that the employees' actions infringed on her constitutional rights. The Constitution guarantees no right to represent others, see Phillips v. Tobin, 548 F.2d 408, 411 n.3 (2d Cir. 1976), and our rule barring non-lawyers from representing third parties in federal court remains valid. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). The Probation Department employees' alleged threat to send Repotski back to jail does not state a constitutional violation cognizable under § 1983. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (noting that mere threats do not amount to constitutional violations). Furthermore, to the extent that Yoder alleged that the Probation Department employees violated her Fourth Amendment rights, her claim is not ripe, as there has been no search of a place in which Yoder has a reasonable expectation of privacy. See Texas v. United States, 523 U.S. 296, 300 (1998) (stating that a claim is not ripe for adjudication if it rests on some contingent future event). Yoder also seemingly complained about injuries caused by judgments entered against her in various state cases. Such claims, however, are barred by the Rooker-

<u>Feldman</u> doctrine. <u>See</u> <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 165 (3d Cir. 2010) (stating that the <u>Rooker</u>-<u>Feldman</u> doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments). Finally, we agree that any amendment of Yoder's complaint would have been futile. <u>See</u> <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 288, 292 (3d Cir. 1988) (explaining that "amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] Yoder's motion for monetary relief and to order Repotski's release from the Montgomery County Correctional Facility is denied.

6